```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROGER L. WALTEMYER,

                Plaintiff,

vs.                                 Case No.  2:06-cv-597-FtM-29DNF

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

                Defendant.

_____

## OPINION AND ORDER

This matter came before the Court *sua sponte* on review of subject matter jurisdiction. At the Court's request, both sides have submitted a legal memorandum. (Docs. #15, 16.)

The Complaint, seeking disability benefits pursuant to an insurance policy, sought an unspecified amount of damages in excess of $15,000 (Doc. #2, ¶1) and was removed from state court on the basis of diversity jurisdiction. When plaintiff fails to plead a specific amount of damages, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006); Williams v. Best Buy Company, Inc. 269 F.3d 1316, 1319-20 (11th Cir. 2001). The legal certainty standard suggested by defendant (Doc. #16, pp. 4-5) is not applicable here.

Given the nature of the claim, the amount in controversy is the amount of benefits accrued at the institution of the action.

Klein v. John Hancock Mut. Life Ins. Co., 683 F.2d 358, 361-62 (11th Cir. 1982); Travelers Ins. Co. v. Greenfield, 154 F.2d 950, 952 (5th Cir. 1946)[1]; Massachusetts Cas. Ins. Co. v. Harmon, 88 F.3d 415, 416-17 (6th Cir. 1996); Beaman v. Pacific Mutual Life Ins. Co., 369 F.2d 653 (4th Cir. 1966); Aetna Life Ins. Co. v. Smith, 345 So. 2d 784 (Fla. 4th DCA 1977), cert. denied, 353 So. 2d 678 (Fla. 1977). As Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 467 (1947) noted, "If this case were one where judgment could be entered only for the installments due at the commencement of the suit [ ], future installments could not be considered in determining whether the jurisdictional amount was involved, even though the judgment would be determinative of liability for future installments as they accrued." The parties agree that the amount in controversy under this principle would be $20,166.00.

Defendant asserts that the jurisdictional amount is satisfied by including the amount of plaintiff's reasonable attorneys fees likely to be incurred through the conclusion of the case. "The general rule is that attorney's fees do not count towards the amount in controversy unless they are allowed for by statute or contract." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003). The Complaint claimed an entitlement to attorney fees under Fla. Stat. § 627.428. (Doc. #2,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

¶14.) Both parties agree that if plaintiff is the prevailing party he will be entitled to a reasonable attorney fee under § 627.428. The parties disagree whether the amount of the attorneys fees will equal the $54,834.00 needed to satisfy the remainder of the jurisdictional requirement.

As a factual matter, the Court finds that defendant has established by a preponderance of the evidence that a reasonable attorney's fee through the conclusion of this case will be sufficiently large to satisfy the jurisdictional amount. Given plaintiff's counsel's hourly rate, the amount of time reasonably anticipated to be necessary in this case, and the possibility of a contingency fee multiplier, this amount is reasonably likely.

The legal issue, however, is whether the amount of the attorney fees is calculated through the end of the case or terminate at an earlier date for jurisdictional purposes. The general rule is that the amount in controversy is determined at the time of removal, and subsequent matters that affect the amount will not divest the court of jurisdiction. Poore v. American-Amicable Life Ins. Co. Of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000); Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000). Similarly, subsequent matters which affect the amount in controversy will not retroactively establish jurisdiction. It is clear in this case that the amount of attorney fees incurred prior to the Notice of Removal, when coupled with damages accrued as of the filing of the complaint, would not be sufficient to

satisfy the jurisdictional amount. While attorney fees through the conclusion of the litigation are included when the action is filed initially in federal court, Morrison v. Allstate Indemn. Co., 228 F.3d 1255, 1265 (11th Cir. 2000), there is no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining its subject matter jurisdiction. Poore, 218 F.3d at 1290-91. Therefore, the Court finds that defendant has not established that the jurisdictional amount was satisfied as of the date of removal, and the case will be remanded to state court.

Accordingly, it is now

**ORDERED:**

1. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.

2. The Clerk is further directed to terminate the case and all pending deadlines before this Court as moot, and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2007.

*John E. Steele*
JOHN E. STEELE
United States District Judge